IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MELVIN SMITH, JR.**  **PLAINTIFF**
**ADC #82282**

v.  **CASE NO. 5:11CV00002 BSM/HDY**

**RAY HOBBS et al.**  **DEFENDANTS**

## ORDER

Plaintiff Melvin Smith, Jr., currently held at the Arkansas Department of Correction's Cummins Unit, filed a *pro se* complaint and an application for leave to proceed *in forma pauperis* on January 4, 2011. [Doc. Nos. 2, 1].

Because Smith's complaint must be dismissed, without prejudice, pursuant to the three-strikes provision of the Prison Litigation Reform Act (PLRA), Smith's application for leave to proceed *in forma pauperis* will be denied.

Under the three-strikes provision of the PLRA, a prisoner's *in forma pauperis* action must be dismissed at any time if it is determined that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal

that Smith has had at least three prior civil actions dismissed for failure to state a claim upon which relief may be granted.[1] Indeed, Smith's three strikes have been previously recognized in *Smith v. Drayer*, No. 5:10CV00062 (E.D. Ark. June 2, 2010).

Furthermore, based on the allegations contained in Smith's present complaint, it is found that he is not in imminent danger of serious physical injury. Specifically, Smith alleges that the Constitution and prison policy were violated when he was questioned and held under investigative status during an internal affairs investigation conducted in January 2010, while he was housed at the Tucker Maximum Security Unit. Such claims do not describe imminent danger of serious physical injury.

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. No. 1] is DENIED, and plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Should plaintiff wish to continue this case, he must submit the statutory filing fee of $350 to the clerk of the court, noting the case number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

2.      All other pending motions are DENIED.

3.      It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

---

[1] *See Smith v. Norris*, No. 5:02CV00002 (filed January 3, 2002); *Smith v. Fitzpatrick*, No. 5:02CV00330 (filed September 10, 2002); and *Smith v. Taylor*, 5:04CV00408 (filed November 16, 2004).

appeal from this order or the judgment entered hereunder, would not be taken in good faith.

DATED this 7th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE